UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| USA, | No. CR 10-00495-01 EJD (LB) |
| Plaintiff(s), | **NOTICE AND ORDER REGARDING CRIMINAL SETTLEMENT CONFERENCE** |
| v. | |
| SHAWN D. HOGAN, | |
| Defendant(s). | |

TO ALL PARTIES AND COUNSEL OF RECORD:

The above matter was referred to United States Magistrate Judge Laurel Beeler for settlement purposes.

**A. Time and Location of Settlement Conference**

You are hereby notified that a settlement conference is scheduled for **October 18, 2013**, **at 10:30 a.m.**, Courtroom C, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, CA 94102. Further details about the location are contained in the last section of this order. The parties shall notify the Court's chambers immediately at (415) 522-4660 if the case settles before the settlement conference.

If the parties and counsel are not available on that date, or if they believe that a settlement conference would be more productive at a different time, counsel shall confer on a new date and then contact courtroom deputy Lashanda Scott **within a week** at 415-522-3140. The parties should

be mindful of any time limits set by the district court. Also, if a pre-settlement conference call would help resolve some of these impediments or otherwise make the process more productive, the parties may arrange a pre-settlement conference call by calling Ms Scott. (The parties must read this entire order before arranging such a call.)

**B. Participants**

Lead trial counsel shall attend the settlement conference with the parties and with the person(s) having full authority to negotiate and settle the case.

**1. Corporation or Other Non-Government Entity**. A party other than a natural person (such as a corporation or association) satisfies the attendance requirement if represented by a person (other than outside counsel) who has final authority to settle and who is knowledgeable about the facts of the case. If the authority to settle is vested only in a governing board, committee, or equivalent body and cannot be delegated, a party must comply with the requirements of Northern District of California ADR Local Rule 7-4(a) and shall designate a person with authority to participate in the settlement conference and, if a tentative settlement agreement is reached, to recommend the agreement to the approving body for its approval.

**2. Government Entity**. A party that is a government entity satisfies the attendance requirement if represented by a person (in addition to counsel of record) who (a) has, to the greatest extent feasible, authority to settle, (b) is knowledgeable about the facts of the case, the government entity's position, and the positions and policies under which the government entity decides whether to accept proposed settlements, and (c) has the authority, if a tentative settlement agreement is reached, to recommend the agreement to the government entity for its approval. *See* N.D. Cal. ADR Local R. 7-4(b).

**3. Personal Attendance By Counsel and Parties**. Personal attendance by counsel will not be excused, and personal attendance of a party rarely will be excused by the Court. Permission to attend by telephone may be granted upon a written and e-filed request made at least two weeks before the conference **if** attendance would constitute an extraordinary or unjustified hardship. The nature of the hardship must be explained in detail. A copy of the written request must be served on all other parties. Any objection to the request must be e-filed within 48 hours of receipt. If

telephone attendance is allowed, the party must be available throughout the entire conference.

**D. Settlement Conference Statements**

**No later than seven days before the settlement conference (and fourteen days for cases involving three or more defendants), each party shall lodge (not e-file or file) two copies of the following settlement conference statements.**

1. "Exchanged Settlement Conference Statement," and

2. "Additional Settlement Information" to be included either in the exchanged settlement conference statement or in a separate confidential statement.

Please three-hole punch the documents at the left side.  The settlement conference statements should not be filed and instead should be submitted to the Clerk's Office, 450 Golden Gate Avenue, 16th floor, San Francisco, California, in a sealed envelope addressed to Judge Beeler and prominently marked "**SETTLEMENT CONFERENCE DOCUMENTS:  DO NOT FILE."**  The trial judge will not have access to the statements.

**1. Exchanged Settlement Conference Statement**

The exchanged settlement conference statement may not exceed ten pages of text and twenty pages of exhibits. (Key documents can be very helpful at a settlement conference.)  Counsel shall serve the exchanged statement on all parties and should share with their clients the exchanged statement received from opposing counsel.  The statement must cite specifically to any supporting exhibits and authorities.  The exchanged settlement conference statement may include any information that may be useful to the settlement judge and shall include the following:

a. Substance of the Suit.  Describe briefly the substance of the suit, including the following:

   i. The facts giving rise to the case.

   ii. The charges and defenses, including the statutes (and cases supplying additional necessary elements) upon which the charges are founded.

   iii. A summary of the proceedings to date, including a list (preferably in chart form) of the motions previously made, the dispositions, and any pending motions.

   iv.  A statement of the facts not reasonably in dispute.

   v.  A list of the key facts in dispute and the specific evidence relevant to a determination of

1  those facts.

2  vi. A brief statement of issues of law with respect to sentencing (including any monetary
3  components). The statement shall include cites to guidelines, statutes, and cases if helpful,
4  but no extended legal argument is necessary.

5  vii. In multiple defendant cases, the government's settlement statement shall contain a chart
6  with defendants listed in order of the government's assessment of their culpability (meaning,
7  in a grouping that reflects their positions on an organization chart). Columns in the chart
8  should include the following categories: defendant, defense counsel, counts (meaning,
9  counts pending against the defendant in the indictment, e.g., 1, 3, 7, 10), custody (y/n),
10 guidelines calculations, guidelines range, and plea offer. An example follows.

| Defendant | Counsel | Counts | Custody | GL | Range | Offer |
|---|---|---|---|---|---|---|
| Lee | Smith | 1, 4, 7, 9 | Y | 26 2D1.1<br>-2 Safety Valve<br>-3 Acceptance<br>21 Adj. Off. Level | 37-46 | 37 |

The government's statement in single defendant cases should contain this same information. Any plea offer should be conveyed by the government to a defendant before the settlement conference.

The government should file only one settlement conference statement per charged case. The page limits for the government's sentencing memorandum may be expanded by 1/2 page per additional defendant if necessary. Similarly, defendants jointly charged in one case are encouraged to file one settlement conference statement with joint issues in common (such as common suppression issues or positions on loss calculations) and may file separate statements by defendant with any defendant-specific information.

b. <u>Settlement Discussions.</u> Except to the extent prohibited by applicable rules of privilege, describe the history and current status of any settlement negotiations, including the parties' positions on settlement (including present offers), a summary of past settlement discussions, and a current reasonable proposal of settlement.

c. <u>Persons Attending Conference.</u> For each party, a list of names, titles, and positions of persons who will attend the conference.

2. **Additional Settlement Information**

NOTICE AND ORDER RE CRIMINAL SETTLEMENT CONFERENCE
CR 10-00495-01 EJD (LB)    4

The parties may submit the additional information listed below either in the exchanged statement or in a separate confidential statement that is not served on the other parties. The page limits for the additional information are five pages of text and five pages of exhibits.

    a. <u>Settlement Analysis.</u> Describe the party's views of the key liability issues and include an evaluation of the strengths, weaknesses, and uncertainties of the case (factual and legal). Include any information about past settlement discussions not suitable for inclusion in the exchanged settlement conference statement.

    c. <u>Additional Information.</u> Include any additional information about other interests or considerations not described elsewhere and that might be pertinent to settlement. That information might include the following:

    i. What needs of your client must be met for the parties to reach a settlement?

    ii. What needs of the opposing party must be met to reach a settlement?

    iii. What do you see as the obstacles to a settlement, and what ideas do you have to overcome them?

    iv. Do you have enough information to discuss settlement, and if not, what additional information is needed?

**E. Settlement Conference**

Settlement conferences regularly last three or more hours. On the date and time of the settlement conference, please come to Courtroom C on the 15th floor of the Federal Building at 450 Golden Gate Avenue, San Francisco, California. If the courtroom is in use, come directly to Judge Beeler's chambers, also on the 15th floor.

**F. <u>Continuances</u>**

Any request to continue the settlement conference should be e-filed, should demonstrate a compelling reason for the continuance, should state whether it is joined or opposed by the opposing party or parties, and should contain three alternate dates agreed to by all parties after review of the Court's publicly-available calendar at http://www.cand.uscourts.gov/CAND/Calendar.nsf. Parties must appear on the already-calendared date unless the Court sets a different date. If the continuance would result in a settlement conference on a date after the deadline set by the trial judge, the parties

1  must obtain the trial judge's written approval to the extension of the deadline.

2  **G. Additional Requirements**

3  Counsel shall provide a copy of this order to each party who will participate in the conference.
4  Counsel should review Criminal Local Rule 11 and Northern District of California ADR Local Rule
5  7, which is available at http://www.adr.cand.uscourts.gov.

6  **IT IS SO ORDERED.**

7  Dated: September 11, 2013

8  LAUREL BEELER
   United States Magistrate Judge

NOTICE AND ORDER RE CRIMINAL SETTLEMENT CONFERENCE
CR 10-00495-01 EJD (LB)                                                6